IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WIND SHIPPING COMPANY S.A.,<br>    Plaintiff<br><br>v.<br><br>NOVEL COMMODITIES S.A.,<br>    Defendant<br><br>v.<br><br>QBE INSURANCE CORP.,<br>    Garnishee | No. 1:13-cv-01890<br><br>(Chief Judge Kane) |

## MEMORANDUM

On July 10, 2013, Plaintiff Wind Shipping Company S.A. filed a verified complaint in admiralty in this Court (Doc. No. 1), and moved the Court to issue an order initiating the process of maritime attachment and garnishment against Garnishee QBE Insurance Corporation (Doc. No. 3). For the reasons that follow, the Court will grant Plaintiff's motion.

**I.     BACKGROUND**

Pursuant to a charter party dated August 1, 2012, Plaintiff Wind Shipping chartered the M/V SEA WIND to Defendant Novel Commodities for a single voyage of a full and complete cargo of sugar. (Doc. No. 1 ¶ 5, Doc. No. 1-1.) Subsequent to the conclusion of the voyage, Defendant owed $278,470.26 for the balance of freight, demurrage, and detention to Plaintiff. (Doc. No. 1 ¶ 7, Doc. No. 1-2.) Defendant acknowledged that it owed Plaintiff $208,293.22, but challenged the difference of approximately $70,000. Defendant's dispute concerning the final amount owed will be subject to arbitration in London, pursuant to the charter contract terms. (Doc. No. 1 ¶ 8, Doc. No. 1-3.) Defendant has not made any payments on its debt to Plaintiff,

despite Plaintiff's repeated demands. (Doc. No. 1 ¶ 9.)

On May 30, 2013, the United States District Court for the Southern District of New York entered a judgment against Garnishee QBE Insurance Corporation and in favor of Defendant Commodities in the amount of $11,651,523.18. (Doc. No. 1 ¶ 14, Doc. No. 1-4.) Garnishee QBE Insurance Corporation is a Pennsylvania corporation with a registered office in Dauphin County, Pennsylvania. (Doc. No. 1 ¶ 16, Doc. No. 1-5.) Plaintiff submits this debt owed by Garnishee QBE Insurance to Defendant Novel Commodities should secure Defendant's debt to Plaintiff by means of maritime attachment, and seeks an order from this Court for maritime attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

## II. DISCUSSION

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims codifies the traditional maritime attachment practice. Maritime attachment is available when the plaintiff has an in personam admiralty or maritime claim against a defendant. Rule B allows the plaintiff to assert personal jurisdiction over a defendant who cannot be found through attachment of her property, or garnishment of a debt owed to her.[1] Rule B attachment is available in aid of foreign litigation or arbitration. See Polar Shipping Ltd. v. Oriental Shipping Corp., 680 F.2d 627, 632 (9th Cir. 1982).[2] A debt owed by a third-party garnishee to the named defendant constitutes

---

[1] See 2 Admiralty & Maritime Law § 21-2, Maritime Garnishment and Attachment: Rule B and State Attachment Remedies (October 2012).

[2] Polar Shipping Ltd. v. Oriental Shipping Corp., 680 F.2d 627, 632 (9th Cir. 1982)("We hold that in an admiralty action, absent express intent to the contrary, a forum selection clause providing that all disputes under the charter will be determined by a selected foreign court neither precludes a plaintiff from commencing an action in the district court to obtain security by

intangible property of the defendant, which is subject to attachment under Rule B. Antria Shipping Co. v. Triton Int'l Carriers Ltd., 1980 AMC 681 (E.D. Pa. 1978).

For the Court to order maritime attachment pursuant to Supplemental Rule B, the plaintiff must (1) demonstrate to the Court that the defendant "cannot be found" within the district, and (2) file a verified complaint in admiralty praying for maritime attachment and an accompanying affidavit. Although Rule B does not define what constitutes "found within the district," courts have determined that, for the purposes of Rule B, a defendant is found within the district only if the defendant is (1) otherwise subject to personal jurisdiction in the district, and (2) the defendant has an agent for service of process within the district. See Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963).

The Court finds that Plaintiff is entitled to its requested order for issuance of process of maritime attachment and garnishment. Plaintiff's claim arises under a contract for the shipment of cargo, which places its claim within the admiralty jurisdiction of the Court. MTO Maritime Overseas Transp., Inc. v. Umm Al Jawaby Petro. Co. N.V., 624 F. Supp. 272 (S.D. Tx. 1985). Plaintiff therefore has a maritime claim against Defendant and may move to secure Defendant's debt through maritime attachment. On review, the Court finds that Plaintiff satisfies the two-prong test of Supplemental Rule B. First, Plaintiff has demonstrated that Defendant "cannot be found" in this District for the purposes of Rule B, as Defendant Novel is a foreign business entity organized under the laws of Switzerland and does not have an agent for service of process in this District. (Doc. No. 1 ¶¶ 3, 4.) Second, Plaintiff has filed a verified complaint and affidavit

maritime attachment, nor prohibits the district court from ensuring the availability of security adequate to satisfy a favorable judgment by the selected forum.").

requesting an order for issuance of process of attachment and garnishment. (Doc. Nos. 1, 4; see also Rule B(1)(b).) An order consistent with this memorandum follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WIND SHIPPING COMPANY S.A.,** | : | |
|     **Plaintiff** | : | |
| | : | No. 1:13-cv-01890 |
| v. | : | |
| | : | (Chief Judge Kane) |
| **NOVEL COMMODITIES S.A.,** | : | |
|     **Defendant** | : | |
| | : | |
| v. | : | |
| | : | |
| **QBE INSURANCE CORP.,** | : | |
|     **Garnishee** | : | |

### ORDER

**AND NOW,** on this 18th day of July 2013, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for order for issuance of maritime attachment and garnishment (Doc. No. 3) and motion for special appointment to serve process (Doc. No. 6) are **GRANTED**;

2. The Clerk of Court shall issue process of attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure against all goods, chattels, credits, letters of credit, debts, effects and monies, funds, accounts, or any other tangible or intangible property belong to, owed to, claimed by, being held for or on behalf of or otherwise for the benefit of Defendant Novel Commodities S.A. within this District, including, <u>inter alia</u>, any such tangible or intangible property held by the named Garnishee QBE Insurance Corporation, in an amount up to and including $418,532.56;

3. The process of attachment and garnishment will be equally applicable to any other garnishees upon whom a copy of it may be served, to attach tangible or intangible property of Defendant in an amount up to and including $418,532.56 pursuant to Supplemental Rule B;

4. Any person claiming an interest in the property attached or garnished pursuant to this order shall, upon application to the Court, be entitled to a prompt hearing at which Plaintiff shall be required to show why the attachment and garnishment should not be vacated or further relief granted;

5. Following initial service upon any garnishee by the person appointed by the Court to make service in this action, subsequent or supplemental service of process of maritime attachment and garnishment may thereafter be made on such garnishee by Plaintiff's counsel by facsimile transmission or other verifiable electronic means, including email, to each garnishee who consents to receive such supplemental service by such means;

6. A copy of this order shall be attached to and served with said process of maritime attachment and garnishment;

7. Supplemental process enforcing this order may be issued by the Clerk of Court upon application by Plaintiff without further order of the Court; and,

8. Dennis Richman Services for the Professional, Inc. is hereby specially appointed to serve the complaint and process of maritime attachment and garnishment (Docs. No. 1, 5) upon any garnishee in this action.


                                               s/ Yvette Kane
                                               Yvette Kane, Chief Judge
                                               United States District Court
                                               Middle District of Pennsylvania